DANIEL PECK AND HENRY F. PECK, RESPONDENTS, v. JOHN H. ORMSBY, APPELLANT, IMPLEADED WITH OTHERS.

*Mortgage given upon exempt homestead property — how far ineffectual under section 1404 of the Code of Civil Procedure.*

Section 1404 of the Code of Civil Procedure, which provides that "a mortgage hereafter executed upon property so exempt is ineffectual," does not render void a mortgage given upon a homestead exceeding in value $1,000.

The object of the provision was to prevent any possible construction by which the mere execution of a mortgage upon homestead exempt property would be held to be a cancellation or waiver of the exemption, but it was not intended to

prevent the mortgagor from mortgaging so much of the property as was not covered by the exemption.

The word "ineffectual" was used to express that the mortgage was ineffectual to cancel the exemption.

APPEAL by the defendant John H. Ormsby from a judgment, entered, after a trial at a Special Term held in Warren county, in the office of the clerk of the county of Warren on the 26th day of January, 1889, in favor of the plaintiffs, for the foreclosure of certain mortgages mentioned therein.

It was claimed by the defendants that the mortgaged premises, having been designated as an exempt homestead, the mortgage was consequently invalid.

*J. M. Whitman,* for the appellant.

*L. M. Brown,* for the respondents.

LEARNED, P. J.:

Section 1397 of the Code provides that a lot and buildings, not exceeding in value $1,000, occupied as a residence, designated as a homestead, shall be exempt from sale on execution. This exemption continues for certain times after the death of the owner, and ceases when the property is not used as a residence. (Sec. 1400.) The statute does not seem to forbid the owner to sell the property. Perhaps, too, he might sell the fee subject to the homestead exemption. Section 1402 provides for the case where the value exceeds $1,000, making the lien of a judgment attach to the surplus. But this lien is to be enforced in a creditor's action. The reason for this, doubtless, is that in such an action the rights of the parties can be adjusted as provided in section 1403. These two sections show that the legislature intended that the privilege of exemption should not extend beyond the value of $1,000. And in the last section it is provided, that not only in such creditor's action, but "in any other action affecting the title to an exempt homestead," the court on a sale of the property must marshal the proceeds. Section 1404 provides the mode for canceling the exemption and declares any other mode void. It then provides: "A mortgage hereafter executed upon property so exempt is ineffectual until the exemption has been canceled as prescribed in this section."

In the present case Ormsby mortgaged to plaintiffs his exempt

homestead. On the foreclosure it was found, as a fact, that the property was worth over $1,200. It was adjudged that the land should be sold, but not unless the bid was more than $1,000; that, if sold, $1,000 should be paid to Ormsby before even fees and expenses of sale or amount adjudged to plaintiff. Ormsby appeals and claims that the section declaring the mortgage ineffectual, makes this mortgage void.

We think the decision was right. The object of the clause relied on by appellant was to prevent any possible construction that the mere execution of the mortgage was a cancellation or waiver of the exemption. It was not intended to prevent the mortgagor from mortgaging what was not exempt. Suppose the house and lot were worth $50,000, is there any reason why the mortgagor might not mortgage the value above $1,000?

If the plaintiffs were creditors on book account they could sue on the account, and after judgment could, by creditor's action, reach the surplus. But having a bond secured by mortgage, if they had sued on the bond they could not sell the equity of redemption (Code of Civ. Pro., 1432); and, therefore, perhaps, could not reach it by creditor's action. Their only safe course, therefore, was to foreclose.

The word "ineffectual" seems to have been chosen to express that the mortgage was ineffectual to cancel the exemption. It is not equivalent to "void." For it will be seen that it is ineffectual only till the exemption has been canceled. Therefore, it is plainly only as to the exemption that it is ineffectual. And the judgment appealed from so treats it.

We need not consider what would be the effect of a mortgage expressed to be subject to the homestead exemption right of the mortgagor. Nothing of that kind is here. By mortgaging his land Ormsby has rendered it necessary, in order to do justice to all parties, that the land should be sold. As he has not canceled the exemption he retains his claim to $1,000 of the proceeds.

A suggestion is made that the instrument creating the exemption, was not in compliance with the Code. But the plaintiffs have not appealed.

The judgment should be affirmed, with costs.

INGALLS and LANDON, JJ., concurred.

Judgment affirmed, with costs.